UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.:  15-21233 (AMN) |
| CURTIS JAMES JACKSON, III, | : | Chapter 11 |
| *Debtor* | : | |
| | : | |
| CURTIS JAMES JACKSON, III, | : | Adv. Proc. No: 17-02068 (AMN) |
| *Plaintinff* | : | |
| v. | : | |
| GSO BUSINESS MANAGEMENT LLC | : | |
| JONATHAN SCHWARTZ, | : | |
| MICHAEL OPPENHEIM, | : | |
| BERNARD GUDVI, | : | |
| NICHOLAS BROWN, and | : | |
| WILLIAM BRAUNSTEIN | : | |
| *Defendants* | : | |
| | : | |
| GSO BUSINESS MANAGEMENT LLC | : | |
| *Third-Party Plaintiff* | : | |
| v. | : | |
| BOULEVARD MANAGEMENT, INC. | : | |
| and NELIGAN LLP | : | |
| *Third-Party Defendants* | : | Re:  AP- ECF Nos. 21, 46 |

## MEMORANDUM OF DECISION AND ORDER
## DISMISSING COUNT IV OF THE THIRD PARTY COMPLAINT

*Parties*

GSO BUSINESS MANAGEMENT, LLC          Ilan Markus, Esq.
*Defendant/Third-Party Plaintiff*          LeClairRyan, P.C.
                                                               555 Long Warf Drive, 8th Floor
                                                               New Haven, CT 06511

NELIGAN LLP                                          Adam B. Marks, Esq.
*Third-Party Defendant*                           Melanie A. Orphanos, Esq.
                                                               Updike, Kelly & Spellacy, P.C.
                                                               100 Pearl Street, 17th Floor
                                                               P.O. Box 231277
                                                               Hartford, Connecticut 06123

Pending before the court is third-party defendant, Neligan LLP's ("Neligan"),
motion to dismiss the third-party complaint brought against it by defendant/third-party
plaintiff, GSO Business Management, LLC ("GSO")(the "Motion"; the third-party
complaint is the "GSO/Neligan Complaint").  For the reasons that follow, the Motion is
granted and Count IV of the complaint is dismissed.

I.      Procedural Background and Introduction

On July 13, 2015, the debtor in the underlying bankruptcy case, Curtis James
Jackson, III ("Mr. Jackson") filed a voluntary petition under Chapter 11 of the Bankruptcy
Code commencing case number 15-21233 (the "Main Case").  ECF No. 1.[1]  Thereafter,
on September 12, 2017, Mr. Jackson commenced this adversary proceeding against
defendant GSO. AP-ECF No. 1.  Mr. Jackson alleged, generally, that: (1) GSO failed to
make a tax election on his behalf or on behalf of his chapter 11 debtor-in-possession
estate, causing harm; and (2) GSO wrongfully paid itself fees during the pendency of
the chapter 11 bankruptcy case without obtaining bankruptcy court approval.

GSO then filed the GSO/Neligan Complaint against Boulevard Management Inc.
("Boulevard") and Neligan. AP-ECF No. 21. The GSO/Neligan Complaint included
Counts I and II against Boulevard, and Counts III and IV against Neligan. AP-ECF No.
21.  This Memorandum of Decision addresses only Count IV, GSO's claim for
indemnification against Neligan. Count III was dismissed without prejudice as
premature.  *See*, AP-ECF No. 59.

GSO's indemnification claim, Count IV, rests on its assertion that Neligan was
negligent in performing a duty it owed to GSO to file an application for approval of

---

[1]    Citations to the docket in Case No. 15-21233 are noted by "ECF No." Citations to the docket of
Adversary Proceeding No. 17-02068, are noted by "AP-ECF No."

GSO's fees and expenses (the "Fee Application") in the Main Case, and that Neligan must indemnify GSO for any liability to Mr. Jackson.

Neligan moved to dismiss the GSO/Neligan Complaint as to Count III and IV only, asserting the GSO/Neligan Complaint failed to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012.  The essense of Neligan's argument is that GSO's indemnification claim must fail and there is no relief the court can grant to GSO because Neligan could not have owed a duty to GSO as a matter of law, and consequently could not have been negligent regarding the Fee Application.  Because the court agrees, the motion to dismiss is granted as set forth herein.

II.    Jurisdiction and Venue

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b), and the United States District Court for the District of Connecticut's General Order of Reference dated September 21, 1984.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). This adversary proceeding arises under the Main Case pending in this District; therefore, venue in this District is proper pursuant to 28 U.S.C. § 1409.

III.    Facts

These facts, except where noted, are drawn from the GSO/Neligan Complaint, and the court accepts them as true for the purposes of this Motion. *See, Harris v. Mills,* 572 F.3d 66, 71 (2d Cir. 2009).

GSO acted as Mr. Jackson's business managers and personal and business accountants from 2013 until October 13, 2015, when its employment was terminated by

Mr. Jackson. AP-ECF No. 21, ¶¶ 5, 6.  Prior to GSO's termination by Mr. Jackson, GSO

was a professional, authorized to be employed by Mr. Jackson, in connection with his

bankruptcy case.  ECF No. 149.  In order for GSO to be approved by the court as a

non-attorney professional for Mr. Jackson in the Main Case, Neligan drafted and filed an

application with the court (the "Employment Application"). AP-ECF No. 21.  Neligan

further negotiated to resolve any objections to the Employment Application filed by third-

parties and the Office of the United States Trustee. AP-ECF No. 21, ¶¶ 14, 15.  Upon

GSO's termination by Mr. Jackson, Neligan prepared the Fee Application.  GSO and

Neligan collaborated on multiple drafts of the Fee Application which, ultimately, was not

filed by either party. AP-ECF No. 21, ¶¶ 16, 17.

IV.   Applicable Law

A.   *Rule 12(b)(6) Standard*

Federal Rule of Bankruptcy Procedure 7012 incorporates Rule 12 of the Federal

Rules of Civil Procedure, and this court applies the same standards in deciding

Neligan's Motion.   AP-ECF No. 46; Fed.R.Civ.P. 12(b)(6).  First, a complaint "must

include enough facts to state a claim to relief that is plausible on its face."  *Sherman v.

Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014)(*quoting Wilson v. Dantas*, 746 F.3d

560, 535 (2d Cir. 2014)). A claim is facially plausible if "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While

"detailed factual allegations" are not required, a complaint must plead more than "labels

and conclusions," or "a formulaic recitation of the elements of a cause of action" or

4

"naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557(2007).

Where a complaint merely recites the elements of a cause of action and asserts the mere possibility that the defendant is liable, it fails to satisfy the plausibility standard required to survive the motion to dismiss. *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (*quoting Twombly*, 550 U.S. at 557)). While the court must accept the facts asserted in the complaint as true, the court's review of the complaint is not conducted in a vacuum; this is a "context specific task that require[s] [the] court to draw on its judicial experience and common sense" in evaluating whether the allegations are plausible. *Harris*, 572 F.3d at 71-72 (*quoting Iqbal*, 566 U.S. at 679).

"[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (*quoting Iqbal*, 556 U.S. at 679). If the Complaint fails to plausibly "state a claim upon which relief can be granted," than it must be dismissed. Fed.R.Civ.P. 12(b)(6).

B.    *Indemnification*

"A party seeking indemnification based on a tort theory of liability must prove that the injury resulted from the 'active or primary negligence' of the party against whom reimbursement is sought." *Williams v. Hoffman/New Yorker, Inc.*, 923 F. Supp. 350, 352–53 (D. Conn. 1996) (*quoting Kaplan v. Merberg Wrecking Corp.,* 152 Conn. 405,

415 (1965)).  To be entitled to indemnification, a party must prove active or primary

negligence, establishing four elements: "(1) that [the] third-party defendant was

negligent; (2) that its negligence, not the third-party plaintiff's negligence, was the direct

and immediate cause of the injury; (3) that the third-party defendant had exclusive

control of the situation; and (4) that the third-party plaintiff did not know of the charged

party's negligence, had no reason to anticipate it, and reasonably could have relied on

the charged party to act without negligence." *Id.* at 352-53.

In sum, the task ahead is to determine whether the GSO/Neligan Complaint

pleads sufficient facts, which the court assumes as true, such that it is plausible that:

(1) Neligan was negligent,

(2) that Neligan's negligence, rather than GSO's own conduct, was the direct and
immediate cause of the harm to Jackson and the damages sustained by him;

(3) that Neligan was in control of the situation to the exclusion of GSO, and

(4) that GSO did not know of Neligan's negligence, had no reason to anticipate it,
and could reasonably rely on Neligan not to be negligent.

If the GSO/Neligan Complaint fails to plausibly "state a claim upon which relief

can be granted," then it must be dismissed. Fed.R.Civ.P. 12(b)(6), Fed.R.Bankr.P.

7012.

V.     Discussion

GSO's allegation that in seeking assistance with the preparation of the

Employment Application it imposed a duty on Neligan,"to prepare and file the fee

application on behalf of GSO," constitutes a conclusion of law the court is not required

to accept.  *Harris*, 572 F.3d at 72; *See,* AP-ECF No. 21, ¶ 32.  Similarly, GSO's

allegation in Count IV that if it were to be found liable on Mr. Jackson'sclaim that GSO

retained or obtained professional fees without court authorization, that liability would be

"entirely derivative of the negligence of Neligan" is a legal conclusion the court need not

show deference.  AP-ECF No. 21, ¶ 37.

Based on the court's own understanding of the Main Case here, it is clear that

Neligan was retained as counsel for Mr. Jackson, only, pursuant to 11 U.S.C. § 327.

ECF No. 185.  Neligan was not – and could not be – counsel to GSO.[2]  By the time Mr.

Jackson's Chapter 11 plan of reorganization was confirmed on July 10, 2016, GSO had

been terminated from representing Mr. Jackson for approximately nine months.  On

August 10, 2016, Neligan filed on behalf of Mr. Jackson a document titled, "NOTICE OF

(A) OCCURRENCE OF EFFECTIVE DATE OF PLAN AND (B) RELATED BAR DATES

FOR FILING AND SERVICE OF CERTAIN CLAIMS," setting a bar date of September

20, 2016, for the filing of all claims for professional fee claims.  ECF No. 584.  The

Notice provided in relevant part:

> **Bar Date for Professional Fee Claims.** Any Person who holds or asserts an Administrative Claim that is a Fee Claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date shall be required to file with the Bankruptcy Court and serve on all parties required to receive such notice a Fee Application on or before September 20, 2016. **Failure to timely and properly file and serve a Fee Application on or before September 20, 2016 shall result in the Fee Claim being forever barred and discharged.** Objections to Fee Applications must be filed and served pursuant to the Bankruptcy Rules on the Debtor and the Person to whose application the objections are filed within thirty (30) days after the filing of the applicable Fee Application.
> *Id.* [3]

---

[2] The GSO/Neligan Complaint never alleges an Attorney-Client relationship between GSO and Neligan.
[3] The certification of service for the Notice does not indicate that GSO was served with the Notice.  ECF No. 584.

No application for allowance of compensation was filed by, or on behalf of, GSO by the September 20, 2016 deadline.

Other than conclusory allegations that Neligan owed a duty to GSO to file a Fee Application, the GSO/Neligan Complaint does not plead any facts that plausibly suggest Neligan owed such a duty to GSO. Section 327(a) of the Bankruptcy Code requires that professionals to be employed by a trustee – here by Mr. Jackson as a debtor-in-possession – must: (1) be disinterested; and, (2) not hold or represent any interest adverse to the estate. 11 U.S.C. § 327(a) "Counsel for a chapter 11 debtor owes a fiduciary duty of loyalty and care to his client, which is the debtor-in-possession, not the debtor's principals." *In re Angelika Films 57th Inc.,* 227 B.R. 29, 39 (Bankr.S.D.N.Y.1998) *(internal citation omitted).* It is well established that were a debtor's counsel to be an advisor or agent to a party in interest in a debtor's case other than the debtor, that would be a conflict of interest violating the two prongs of section 327(a).[4] The court therefore declines to find that a Chapter 11 debtor's counsel – here Neligan -- has or could have a duty to GSO as contempleated in Count IV.

Even assuming *arguendo* that Neligan had a duty to GSO and breached that duty, the court notes that the facts alleged – which the court assumes are true – fail to even suggest that Neligan was in control of the situation to the exclusion of GSO. Bankruptcy Rule 2016 provides, in relevant part, that: "An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file and application …." Fed.R.Bankr.P. 2016. GSO alleged it had collaborated

---

[4] The court assumes as true paragraph 14 of the GSO/Neligan Complaint, that Neligan offered and provided assistance to the debtor's non-attorney professionals with respect to becoming court-approved professionals, but the court declines to conclude that these facts create a legal duty owed to GSO by Neligan.

with Neligan on drafts of the Fee Application to be filed with the court in seeking approval of payment. AP-ECF No. 21, ¶ 33.  Based on GSO's own allegations, GSO knew that its compensation had to be approved by the court under 11 U.S.C. §§ 330 and 331.  Taking the allegations in the complaint as true, GSO could have filed its own Fee Application, but it failed to do so.  GSO simply fails to allege that Neligan "was in control of the situation to the exclusion" of GSO.

Because Count IV fails to include sufficient allegations supporting a conclusion that Neligan owed a duty to GSO, that it breached the duty, that it was in control to the exclusion of GSO, it must be dismissed.

### VI.    Conclusion

For the foregoing reasons, Neligan's motion to dismiss Count IV of the third party complaint is granted.

Dated this 29th day of June, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut