**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br>    CURTIS JAMES JACKSON, III,<br>        *Debtor* | Case No.: 15-21233 (AMN)<br>Chapter 11 |
| CURTIS JAMES JACKSON, III,<br>        *Plaintiff*<br>v.<br>GSO BUSINESS MANAGEMENT LLC<br>JONATHAN SCHWARTZ,<br>MICHAEL OPPENHEIM,<br>BERNARD GUDVI,<br>NICHOLAS BROWN, and<br>WILLIAM BRAUNSTEIN<br>        *Defendants* | Adv. Proc. No: 17-02068 (AMN) |
| GSO BUSINESS MANAGEMENT LLC<br>        *Third-Party Plaintiff*<br>v.<br>BOULEVARD MANAGEMENT, INC.<br>        *Third-Party Defendant* | Re: AP-ECF Nos. 1, 21, 73 |

## **MEDIATION REFERRAL ORDER**

WHEREAS, on November 3, 2015, the plaintiff and debtor, Curtis James Jackson III ("debtor") filed an Application to Employ (ECF No. 220; Amended as ECF No. 293)[1] Boulevard Management, Inc. ("Boulevard") as Financial Advisors and Accountants; and

WHEREAS, on February 12, 2016, the Court entered an order approving Boulevard as the Debtor's Financial Advisors and Accountant *nunc pro tunc* to November 1, 2015 (ECF No. 334); and

---

[1] References to the docket of the underlying chapter 11 case, case number 15-21233 (AMN), appear in the following format: "ECF No. __." References to the docket of this adversary proceeding, Adversary Proceeding Case Number 17-02068 (AMN), appear in the following format: "AP-ECF No. __ ."

WHEREAS, on September 12, 2017, the debtor commenced this adversary proceeding against GSO Business Management LLC ("GSO"); Michael Oppenheim, Bernard Gudvi, Nicholas Brown, and William Braunstein (jointly, the "GSO Individuals") (GSO, the GSO Individuals, Boulevard, and the debtor shall be referred to collectively as the "Parties"); and Jonathan Schwartz[2]; alleging that the defendants caused the debtor harm by failing to advise him to make an election pursuant to 26 U.S.C § 1398(d)(2) by the deadline of November 15, 2015 (AP-ECF No. 1); and

WHEREAS, on November 14, 2017, the Clerk of Court issued a Clerk's Notice of Entry of Default (AP-ECF No. 12) against Jonathan Schwartz, and mailed it to his last known address of "74492-112, FCI Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378-5000" (AP-ECF No. 13); and

WHEREAS, on December 22, 2017, GSO filed a third-party complaint against Neligan LLP and Boulevard (AP-ECF No. 21); and

WHEREAS, the Court issued a Memorandum of Decision and Order Dismissing Count IV of the third-party complaint against Neligan LLP (AP-ECF No. 60); and

WHEREAS, on February 22, 2019, the court issued a Mediation Scheduling Order, AP-ECF No. 73, directing the Parties to submit an executed Stipulation Regarding Mediation to confirm the parties' desire to engage in mediation[3]; and

WHEREAS, Curtis Jackson, counsel for Curtis Jackson, GSO, counsel for GSO, Michael Oppenheim, Bernard Gudvi, Nicholas Brown, Boulevard, and counsel for Boulevard executed the Stipulation Regarding Mediation (AP- ECF Nos. 81, 84, 85, 90, and 91);

---

[2] Jonathan Schwartz has not retained an attorney and is no longer associated with GSO.
[3] Boulevard was ordered to participate pursuant to Local Bankr. R. 9019-2(a).

WHEREAS, the Court issued a Scheduling Order on March 19, 2019 (AP-ECF No. 95), directing William Braunstein to execute the Stipulation Regarding Mediation on or before April 1, 2019, or the mediation shall proceed without William Braunstein;

WHEREAS, William Braunstein failed to execute the Stipulation Regarding Mediation;

NOW THEREFORE, it is hereby

ORDERED: That, the Parties, except for William Braunstein, are referred to the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, for mediation; and it is further

ORDERED: That, counsel for the Parties are directed to immediately contact Judge Trust by email directed to Judge Trust's Courtroom Deputy, Yvette Mills, at AST_Hearings@nyeb.uscourts.gov, with the email caption of "Mediation in CT Adv. Pro No. 17-02068", and with three (3) potential dates and times that the parties are available for a telephonic conference call with Judge Trust to set a schedule for mediation; and it is further

ORDERED: That, the terms of the mediation shall be governed by the Stipulation Regarding Mediation, AP-ECF Nos. 81, 84, 85, 90, and 91; and it is further,

ORDERED: That, an individual with final authority to settle this controversy and to bind the party shall attend[4] the mediation on behalf of each party; and it is further

ORDERED: That, adversary proceeding number 17-02068 and all deadlines therein, shall be stayed for ninety (90) days while the parties engage in mediation; and it is further

---

[4] The decision to allow for video participation by some of the Parties is entirely up to the discretion of Judge Trust.

ORDERED, That, the Court will hold a continued Pre-Trial conference on July 31, 2019, at 3:30 p.m. at the United States Bankruptcy Court, 157 Church Street, 18th Floor Courtroom, New Haven, Connecticut.

Dated this 12th day of April, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut