**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In Re:<br><br>CURTIS JAMES JACKSON, III,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 15-21233 (AMN) |
| CURTIS JAMES JACKSON, III,<br><br>    Plaintiff,<br><br>    v.<br><br>GSO BUSINESS MANAGEMENT, LLC, JONATHAN SCHWARTZ, MICHAEL OPPENHEIM, NICHOLAS BROWN, BERNARD GUDVI, and WILLIAM BRAUNSTEIN<br><br>    Defendants. | ADVERSARY PROCEEDING<br><br>CASE NO. 17-02068 (AMN)<br><br>September 17, 2021 |
| GSO BUSINESS MANAGEMENT, LLC,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>BOULEVARD MANAGEMENT, INC.,<br><br>    Third-Party Defendants. | |

**CURTIS JAMES JACKSON, III'S BRIEF IN REPLY TO POST-TRIAL BRIEF OF THIRD-PARTY DEFENDANT, BOULEVARD MANAGEMENT, INC.**

Plaintiff Curtis James Jackson, III ("Jackson"), by and through his undersigned counsel, respectfully submits the within Reply Brief to the Post-Trial Brief filed by Third-Party Defendants Boulevard Management, Inc. ("Boulevard") in this action (the "Post-Trial Brief") (AP-ECF No. 351).

The Post-Trial Brief repeats the erroneous arguments made by Boulevard's counsel on the record at the trial held in this matter on August 9, 2021. Boulevard partially joined the oral motion to dismiss made at the close of Plaintiff's case by the "GSO" Defendants pursuant to Fed. R. Bankr. P. 7052 ("FRBP 7052") and 7041 ("FRBP 740"). Specifically, Boulevard joined GSO in moving for a dismissal of Jackson's claims against GSO concerning the missed year 2015 I.R.C. §1398(d)(2)(A) election (the "Missed 1398 Election") on the grounds that Jackson has failed to establish damages arising from the Missed 1398 Election. As third-party defendants, Boulevard's Post-Trial Brief frames the issue of Jackson's alleged failure to prove damages as a reason why the Court should enter judgment dismissing GSO's indemnification claims in this matter against Boulevard. *See* AP-ECF No. 351 at 2, 14-15. To the extent that the Post-Trial Brief argues for dismissal, the single-paragraph argument is unavailing because it contradicts Boulevard's own president Todd Bozick's ("Bozick") uncontroverted trial testimony concerning the issue of Jackson's Missed 1398 Election damages. Accordingly, for the reasons set forth herein, Jackson respectfully requests that the Court reject Boulevard's position that Jackson has not proved damages.

Boulevard's Post-Trial Brief raises two principal arguments in support of dismissing Jackson's Missed 1398 Election claims:

(a) Jackson has failed to prove damages insofar as he has failed to provide requisite evidence "as to the difference between the tax liability that Jackson had as opposed to the tax liability he would have had if the 1398 election been taken; and

1

 (b) Jackson has failed to prove damages to the extent that he has not shown whether he used his net operating losses to his advantage in tax years after 2015. *See id*.

For the reasons that follow, both of these assertions lack merit.

I. **BOULEVARD'S OWN TESTIMONY ESTABLISHES THE TAX LIABILITY JACKSON INCURRED IN 2015 BY REASON OF MISSING THE 1398 ELECTION.**

Boulevard asserts that Jackson has failed to adduce "evidence as to the difference between the tax liability had as opposed to the tax liability he would have had if the 1398 election [had] been taken." *Id*. at 14-15. This position is clearly inconsistent with the August 3, 2021, trial testimony of Bozick.

Bozick, who has continues to act as Jackson's accountant and business manager to this date, testified that Jackson in 2015 "had a tax debt of approximately $176,000 that had to be paid that could have been avoided had the election been filed on time." *See* August 3, 2021 Trial Transcript ("8/3/21 Trial Tr.") (AP-ECF No. 353-7) 174:19-174:25. When questioned specifically as to whether Jackson could have avoided paying the $174,156 sum of personal taxes that he paid in 2015 if the Missed 1398 Election had been made, Bozick answered in the affirmative. *Id*. 212:7-212:13. Bozick further testified that the Missed 1398 Election served "to create a tax debt [incurred by] Mr. Jackson that could have been avoided in 2015 had the election been filed." *Id*. 173:23-174:4. This testimony attributable to Boulevard itself undercuts Boulevard's assertion that there is no evidence in the record as to the differential between Jackson's actual 2015 personal tax liability versus Jackson's 2015 personal lax liability had the Missed 1398 Election timely been made. Boulevard's assertion in this regard is rendered only less availing by the fact that Bozick offered this testimony as a party who possesses an undisputed professional knowledge of Jackson's finances during the relevant timeframe.

**II. BOULEVARD'S OWN TESTIMONY ESTABLISHES JACKSON'S DAMAGES ARISING FROM BEING DEPRIVED IN 2015 OF THE BENEFICIAL USE OF THE SUM PAID BY JACKSON IN 2015 PERSONAL TAXES.**

The Post-Trial Brief asserts, in conclusory fashion, that Jackson's evidentiary burden on Missed 1398 Election damages includes a requirement that Jackson prove he never received a tax benefit from his net operating losses in tax years after 2015. *See* AP-ECF No. 351 at 15. Boulevard cites no authority supporting this assertion as to Jackson's burden of proof on damages. Nevertheless, Bozick's trial testimony undercuts Boulevard's argument.

At trial Bozick testified that, based on his knowledge of Jackson's financial situation during the relevant timeframe, Jackson could have used the $174,156 sum he unnecessarily paid in 2015 personal taxes for necessary business expenses such as running his companies and paying payroll while in bankruptcy. *See* AP-ECF No. 353-7 211:18-211:22. Bozick further stated that, in light of Jackson's financial condition in 2015 and 2016, Jackson would have derived more benefit in 2015 and 2016 from the use of the $174,156 he needlessly paid in 2015 personal taxes than he would have derived from having access to that same sum in subsequent years. *See id*.

As such, based upon Bozick's testimony, Boulevard's position that Jackson fails to show damages absent proof that he never benefited from net operating losses post-2015 is as unavailing as its position that the record is devoid of evidence that Jackson paid more in 2015 taxes than he would have if the Missed 1398 Election had been made.

**WHEREFORE**, for the foregoing compelling reasons, to the extent that the Post-Trial Brief represents a motion to dismiss as against Jackson, Jackson respectfully requests that this Court enter an Order finding that Jackson has sustained his evidentiary burden on damages flowing from this Missed 1398 Election, and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 17, 2021<br>New York, New York | Respectfully Submitted,<br><br>**BARATTA, BARATTA & AIDALA LLP** |

By:  /s/ Imran H. Ansari
Imran H. Ansari, Esq.
546 Fifth Avenue, 6th Floor
New York, NY 10036
T: (212) 486-0011
F: (212) 750-8297
iansari@aidalaw.com

**ZEISLER & ZEISLER, P.C.**

By:   /s/ John L. Cesaroni
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel: 203.368.4234
jcesaroni@zeislaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I, John L. Cesaroni, certify that on September 17, 2021, a copy of the foregoing was filed electronically and emailed via the Court's CM/ECF electronic noticing system. Parties may access this filing through the Court's CM/ECF System.

    /s/ John L. Cesaroni
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel: 203.368.4234
jcesaroni@zeislaw.com
*Counsel for Plaintiff*