**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| IN RE:<br>    CURTIS JAMES JACKSON, III<br>        *Debtor* | CHAPTER 11<br><br>CASE NO.: 15-21233 (AMN) |
| CURTIS JAMES JACKSON, III<br>    *Plaintiff*<br><br>v.<br><br>GSO BUSINESS MANAGEMENT, LLC,<br>JONATHAN SCHWARTZ, MICHAEL<br>OPPENHEIM, BERNARD GUDVI,<br>NICHOLAS BROWN, and<br>WILLIAM BRAUNSTEIN<br>    *Defendants* | Adv. Proc. No. 17-2068<br><br><br><br><br><br><br><br>AP-ECF Nos. 371, 379, 389, 390 |

**MEMORANDUM OF DECISION AND ORDER**
**DETERMINING AWARD OF ATTORNEY'S FEES AND COSTS**

Before the court is the determination of the amount of attorney's fees and costs to be awarded to the plaintiff, Curtis James Jackson, III ("Mr. Jackson") and payable by the defendant, GSO Business Management, LLC ("GSO") as it relates to the judgment entered against GSO. The court assumes the parties' familiarity with the procedural history of this case including the history recited in the court's Memorandum of Decision and Order After Trial issued on August 29, 2022, (the "Decision"). AP-ECF No. 371. The court employs the same defined terms in this Order as used in the Decision.

In the Decision, the court entered judgment in favor of Mr. Jackson as to the Bankruptcy Related Fee Claim, but in favor of GSO as to the $90,000 Monthly Fee Claim and the IRC § 1398 Claim. AP-ECF No. 371. In relation to the Bankruptcy Related Fee

Claim, the court ordered GSO to disgorge $88,692.51, plus post-judgment interest, on or before September 30, 2022, for its knowing and unauthorized withdrawal of funds from Mr. Jackson's DIP account in violation of the Retention Order.  AP-ECF No. 371, p. 47.  In addition to disgorgement, the court awarded Mr. Jackson attorney's fees and costs related to the Bankruptcy Related Fee Claim in an amount to be determined.  AP-ECF No. 371, p. 61-62.  On September 29, 2022, GSO remitted $88,945.61 to Mr. Jackson representing the disgorgement of $88,692.51, plus $253.10 in post-judgment interest.  AP-ECF No. 379.  After Mr. Jackson's submissions supporting an award of attorney's fees and costs and GSO objections, the court heard argument on that supplemental issue on February 7, 2023.  AP-ECF No. 396.

### *Mr. Jackson's Attorney Fee Request*

Mr. Jackson seeks an award of $236,565.00 of attorney's fees and $4,148.47 of costs, totaling $240,713.47.  To support this request, Mr. Jackson submitted a statement detailing the time incurred by Mr. Jackson's counsel – Joseph P. Baratta and Imran H. Ansari – in prosecuting this adversary proceeding from September 10, 2017, through August 29, 2022, (the "Statement").  AP-ECF Nos. 389-1, 389-2[1].  Notably, the Statement is not an invoice of attorney's fees and costs billed to Mr. Jackson, but rather, a cultivated list of time entries specifically sought as part of this award.  The Statement did not include any time incurred by any paralegal staff, time or expenses incurred related to expert depositions related to the IRC § 1398 claim, or local counsel's fees.  AP-ECF No. 389-1.

---

[1] Attorney Ansari and Attorney Baratta each submitted a declaration indicating the attorney's fees and costs sought were based upon the second amended billing statement attached to the declaration. AP-ECF Nos. 389-1, 389-2. Each declaration detailed how the fees and costs being claimed had been reduced from the original statement of attorney's fees, AP-ECF No. 378, to remove fees and costs associated with the expert depositions pertaining to the IRC § 1398 Claim. AP-ECF Nos. 389-1, 389-2.

The Statement reflects attorney's fees totaling $394,275.00. AP-ECF No. 389-1, p. 14. The attorney's fees of $394,275.00 are broken down between Attorneys Baratta and Ansari in the following chart.

| Attorney | Number of Hours | Rate | Attorney's Fees |
|---|---|---|---|
| Ansari | 346.8 | $750.00 | $ 260,100.00 |
| Baratta | 178.9 | $750.00 | $ 134,175.00 |
| Total | 525.7 | ---------- | $ 394,275.00 |

Because the court limited any award to the fees related to the Bankruptcy Related Fee Claim, Mr. Jackson asserts sixty (60%) percent of the $394,275, or $236,565, should be awarded as attorney's fees. Mr. Jackson asserts sixty (60%) percent represents a rough estimation of the amount of time incurred prosecuting the Bankruptcy Related Fee Claim. AP-ECF No. 389, p. 6. During the February 7th hearing, Attorney Ansari expanded on the rationale for the estimate, noting the adversary proceeding originally consisted of two claims, the IRC § 1398 Claim and the $90,000 Monthly Fee Claim, and the time incurred on the unsuccessful $90,000 Monthly Fee Claim ultimately brought to light and attributed to the Bankruptcy Related Fee Claim. AP-ECF No. 396, p. 10, L. 2-15, p. 12-13.

The Statement reflects costs for this adversary proceeding totaled $15,214.13. However, approximately $8,300 is attributable to expert discovery related specifically to the IRC § 1398 claim, leaving $6,914.13 for expenses generally. From this amount, Mr. Jackson seeks sixty (60%) percent equaling $4,148.47 as an award of costs.

Mr. Jackson asserts his counsel's $750 per hour rate[2] is reasonable and customary for partner rates in New York City, especially in the bankruptcy context. AP-

---

[2] The court notes the $750 per hour rate appears to be a rate chosen by Mr. Jackson's counsel for the purposes of this award, and not the actual rate charged to the client. See, AP-ECF No. 389-1, p. 15 ("the attorney hourly billing rate has been reduced to $750 per hour from standard billing rates as per

ECF No. 389, p. 6.  During the hearing, Attorney Ansari posited the $750 hourly rate would be reasonable in the Second Circuit generally.  AP-ECF No. 396, p. 14, L. 4-13.  Mr. Jackson cited the following cases as support for reasonableness of the $750 hourly rate:

- *In re Nissan Radiator/Transmission Cooler Litig.*, 2013 WL 4080946 (S.D.N.Y. May 30, 2013)(court approved a class action settlement involving Nissan vehicles that included a $1,620,000 attorney's fee award.  The court concluded hourly rates ranging from $795 (partner) to $650 (associate) fell within the prevailing market rates for class counsel offering similar services);

- *In re Telik, Inc. Sec. Litig.*, 576 F.Supp. 2d 570, 589 (S.D.N.Y. 2008)(court noted, "[p]erhaps the best indicator of the "market rate" in the New York area for plaintiffs' counsel in securities class actions is to examine the rates charged by New York firms that defend class actions" and concluding rates ranging from $700 to $750 per hour fell within the norm of the rates charged by those attorneys' common adversaries in the defense bar.); and

- *Asare v. Change Group of New York, Inc.*, 2013 WL 6144764 (S.D.N.Y. November 18, 2013)(court found $750 per hour for partners and $500 per hour for senior associates reasonable for class counsel in a class action based upon violations of the Fair Labor Standards Act and New York Labor Law).

---

agreement with Client.").  No information was provided as to the amount of attorney's fees actually charged to Mr. Jackson.

AP-ECF No. 389.

All of these cases deal with attorney rates for complex, specialized class action litigation in the Southern District of New York. Two of the decisions are nearly a decade old, and none deal with bankruptcy-related claims.

In additional support of the rate, Mr. Jackson directed the court to an article published on July 28, 2022, by The American Lawyer entitled "As Billing Rates Skyrocket, Historic Fee Leaders Find Company at $2,000 per Hour." AP-ECF No. 389. The article discussed how the nation's top four bankruptcy firms charge, on average, $1,838 per hour for top level partners involved in complex, large scale Chapter 11 bankruptcy cases. AP-ECF No. 389.

When questioned about the rate during the hearing held on February 7, 2023, Attorney Ansari maintained the rate was reasonable because a client can choose their counsel.

> Court: What is the evidence of the going rate for attorneys pursuing this type of a claim in the District of Connecticut?
>
> Ansari: Your Honor, well I'm not prepared to answer that question right now.
> …
> Court: Why should I consider the going rate in any district other than Connecticut?
>
> Ansari: Your Honor, I would -- a litigant has their choice of counsel.
> …
> Ansari: Well, Your Honor, we had an agreement with Curtis J. Jackson in terms of our representation on our fees.
>
> AP-ECF No. 386, p. 5, L. 18-22, p. 6, L. 1-4.

The Statement reflects numerous instances of Attorneys Baratta and Ansari incurring time for the same task. Mr. Jackson contended the work of two attorneys was reasonable and necessary to counter GSO's extensive defense to Mr. Jackson's claims. Mr. Jackson also notes GSO employed two firms (lead counsel – Freeman, Mathis &

Gary, LLP, and local counsel, Barclay Damon, LLP) to defend its interests.  AP-ECF No. 389, p. 5.

### *GSO's Objection*

GSO objected to the requested fees and costs on a number of grounds including: 1) the sixty (60%) percent allocation is arbitrary and not tailored to actual time spent on the Bankruptcy Related Fee Claim; 2) the hourly rate of $750 is unreasonable and not customary for hourly rates charged in this District for similar services; and 3) the time records contain excessive and redundant billing by two attorneys and/or vague entries warranting an across-the-board reduction.  AP-ECF No. 379.

GSO asserted the focus of this adversary proceeding was not the Bankruptcy Related Fee Claim but rather the IRC § 1398 Claim.  AP-ECF No. 390.  During the hearing, GSO's counsel argued allocating sixty (60%) percent of the fees to the $90,000 Monthly Fee Claim, and hence, the Bankruptcy Related Claim, was not grounded in a division of the actual time spent and would result in an award compensating for time spent on the unsuccessful $90,000 Monthly Fee Claim.  AP-ECF No. 396, p. 18-19.

GSO objected to the hourly rate of $750 asserting it does not fall within the prevailing market rates.  AP-ECF No. 390, p. 6-7.  In support of its objection, GSO submitted an affidavit from its local counsel, Attorney Ilan Markus, attesting a rate of $425 per hour is reasonable for this District.  AP-ECF No. 381.

Lastly, GSO argued the amount of attorney's fees sought should be significantly reduced due to an excessive number of vague entries lacking in specificity.  As part of this argument, GSO noted the Statement is rife with examples of Attorneys Ansari and Baratta doubling billing for the same work.  AP-ECF No. 390, p. 6-7. Additionally, GSO

filed a declaration from its lead counsel, Attorney Thomas McCraw, attesting to Attorney Baratta's and Ansari's inflation of time incurred for depositions compared to his own time spent.  AP-ECF No. 380.

## APPLICABLE LAW
### The Presumptively Reasonable Fee Approach

As noted in the Decision, the court exercises its authority pursuant to Bankruptcy Code § 105(a) to award the Plaintiff attorney's fees and costs to enforce the provisions of Bankruptcy Code § 330 and Fed.R.Bankr.P. 2016.  AP-ECF No. 371, p. 48.  In exercising its considerable discretion to fashion an award, the court will consider what is reasonable.  "In the Second Circuit, attorney's fees awards are calculated based on the 'presumptively reasonable fee' approach." *McGaffigan v. City of Rochester*, 21-CV-6545-FPG, 2023 WL 415098, at *1 (W.D.N.Y. Jan. 26, 2023).  Under this approach, a court "determines attorneys' fees by 'setting a reasonable hourly rate, taking account of all case-specific variables' and multiplying that rate by the number of hours expended."  *Wachovia Mortg., FSB v. Toczek*, 841 Fed. Appx. 267, 269 (2d Cir. 2021)(*summary order*)(citing, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)).

### The Reasonable Hourly Rate and The Forum Presumption

A reasonable hourly rate is generally "the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Arbor Hill*, 522 F.3d at 190.  "In assessing a reasonable hourly rate, the court takes into consideration the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Bozdogan v. 23 Ludlam Fuel, Inc.*, 16-CV-1053 (JMW), 2022 WL 17987044,

at *3 (E.D.N.Y. Dec. 29, 2022)(internal citations omitted).  The relevant community is the district in which the reviewing court sits.  This is known as the "forum rule."  *See, Simmons v. NYC Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009).  "The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates."  *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110(JS)(ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022)(internal quotations omitted).[3]  A "court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district" and "on evidence proffered by the parties."  *Congregation Rabbinical College of Tartikov, Inc.*, 188 F. Supp. 3d at 338 (internal citations omitted).

The Second Circuit Court of Appeals noted a court may apply out-of-district rates if it was clear that a reasonable, paying client would have paid those higher rates.

> [A] district court may use an out-of-district hourly rate — or some rate in between the out-of-district rate sought and the rates charged by local attorneys — in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates. We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted — albeit only in the unusual case — if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances.
> *Arbor Hill*, 522 F.3d at 191.

Courts in this District have assessed fees using out-of-district rates when called for by the circumstances of the particular case.  *See, Horror Inc. v. Miller,* 3:16-CV-1442 (SRU), 2022 WL 4473426, at *5 (D. Conn. Sept. 26, 2022)(District Court of Connecticut

---

[3]   "Ideally, included in the fee applicant's submissions should be affidavits providing information as to the credentials of each attorney seeking reimbursement and an affidavit by a disinterested local practitioner attesting to the relevant prevailing market rates." *Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016).

assessing Southern District of New York rates because counsel was a member of that Bar, the vast majority of copyright litigation in this Circuit is conducted that District, and most clients litigating complex copyright matters hire counsel from that District).

A court may adjust the base hourly rates to account for a variety of case-specific factors, including:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the level of skill required to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the attorney's customary hourly rate;
> (6) whether the fee is fixed or contingent;
> (7) the time limitations imposed by the client or the circumstances;
> (8) the amount involved in the case and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.
>
> *Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019)(noting the *Johnson* factors derived from the case, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

### *The Reasonable Number of Hours Spent*

When evaluating hours spent, a court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Kastrati v. M.E.G. Rest. Enterprises Ltd.*, 1:21-CV-00481 (KHP), 2023 WL 180043, at *2 (S.D.N.Y. Jan. 13, 2023). However, a court "need not, and indeed should not, become green-eyeshade accountants. The essential goal … is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011)(court may consider its overall sense of the case and may use estimates in calculating and allocating an attorney's time.).

A court may adjust the number of hours to account for items that are "excessive, redundant, or otherwise unnecessary" or for "vagueness, inconsistencies, and other deficiencies in the billing records." *Horror Inc.*, 2022 WL 4473426, at *7 (*citing, Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172-73 (2d Cir. 1998)). "Courts in this Circuit have levied various across-the-board reductions in the total number of requested hours based on vague entries." *Grano v. Martin*, No. 19-CV-6970, 2021 WL 3500164, at *5 (S.D.N.Y. Aug. 9, 2021)(reducing fees by 10% across the board reduction); *see also, Wei v. Sichuan Pepper, Inc.*, 3:19-CV-00525 (JBA), 2022 WL 385226, at *20 (D. Conn. Jan. 17, 2022), *report and recommendation adopted sub nom. Wei v. Sichuan Pepper*, 3:19-CV-525 (JBA), 2022 WL 382019 (D. Conn. Feb. 7, 2022)(applying a 15% reduction to account for excessive time expended); *Mason Tenders Dist. Couns. Welfare Fund v. LJC Dismantling Corp.*, No. 17-CV-4493, 2020 WL 9600111, at *13 (S.D.N.Y. Dec. 14, 2020)(reducing award by 15%).

### *The Division of Fees Between Claims*

"[I]f a plaintiff prevails on a claim that generates a fee award, [s]he may recover for work done on other claims if they were substantially related to the claim on which [s]he prevailed." *Stanczyk v. City of New York*, 990 F. Supp. 2d 242, 251 (E.D.N.Y. 2013), *aff'd*, 752 F.3d 273 (2d Cir. 2014); *see also, Saleh v. Pretty Girl, Inc.*, 09-CV-1769 (RER), 2022 WL 4078150, at *30 (E.D.N.Y. Sept. 6, 2022)("because his state-law claims were based on the same events giving rise to [his] federal claims," and because his counsel's time is not easily divisible on a claim-by-claim basis, the Court considers his attorneys' contributions to the litigation as a whole."); *Crews v. County of Nassau*, 06-CV-2610(JFB)(GRB), 2019 WL 6894469, at *6 (E.D.N.Y. Dec. 18, 2019)("plaintiff's lack of

success on some of his claims does not require the court to reduce the lodestar amount where the successful and the unsuccessful claims were interrelated and required essentially the same proof.").

## *DISCUSSION*
### *Determining a Reasonable Hourly Rate*

The hourly rate of $750 is not reasonable here, although that rate and higher rates have been allowed in complex bankruptcy cases in this District.  The Second Circuit directs me to evaluate reasonable hourly rates for a case of this type based upon prevailing rates in the District of Connecticut.  *See*, *Simmons v. NYC Transit Auth.*, 575 F.3d 170.  Since the Plaintiff has not offered a persuasive basis to apply out-of-district rates, I will consider rates charged by counsel of similar expertise in Connecticut.  The only evidence provided by the parties of the prevailing rates in Connecticut is Attorney Markus's affidavit attesting he charges a rate of $425 per hour.  Beyond just this evidence, I am aware of, and can consider, the range of hourly rates awarded in similar cases in this District.  *See, Bonnie Mangan, Chapter 7 Trustee v. Wells Fargo Bank, N.A. D/B/A Wells Fargo Card Services*, Case No. 21-3006 (AMN), Order Imposing Sanctions, ECF No. 64 (concluding $400 per hour reasonable for Attorney Tara Trifon, partner at Locke Lord); *In re Simone*, 18-21993 (JJT), 2022 WL 1923278, at *2 (Bankr. D. Conn. June 3, 2022)(finding hourly rate of $565 reasonable for Attorney Irve Goldman, chair of the bankruptcy, creditors' rights, and financial restructuring practice at Pullman & Comley); *In re Jackson*, 15-21233 (AMN), 2020 WL 718609, at *4 (Bankr. D. Conn. Feb. 12, 2020)(concluding $325 per hour reasonable for Attorney John Cesaroni, then an associate, now currently a partner at Zeisler & Zeisler, P.C.).  I am also aware of the

hourly rates charged by attorneys in some of the more complex Chapter 11 cases pending recently in this District, including:

- $695 per hour for Attorney Patrick Birney, partner at Robinson & Cole, LLP as debtor's counsel in *In re The Norwich Roman Catholic Diocesan Corporation*, Case No. 21-20687 (JTT);

- $450 per hour for Attorney Douglas Skalka, a principal of Neubert, Pepe & Monteith, P.C., as local counsel to the Chapter 11 Trustee in *In re Ho Wan Kwok*, Case No. 22-50073 (JAM);

- $400 per hour for Attorney Jeffrey Sklarz, partner at Green & Sklarz, LLC, as local counsel to debtors in *In re The Rosegarden Health and Rehabilitation Center, LLC*, jointly administered under Case No. 18-30623 (AMN);

- $500 per hour for Attorney James Berman, partner at Zeisler & Zeisler, P.C., as counsel to debtors in *In re Servicom, LLC*, jointly administered under Case No. 18-31722 (AMN).

Based upon the prevailing rates ranging from $400 to $695 per hour in this District, I conclude a reasonable hourly rate for the Bankruptcy Related Claim is $500 per hour. I reach this conclusion after also considering whether any of the *Johnson* factors warrant increasing or decreasing the rate. The claim at issue – the Bankruptcy Related Fee Claim – did not present a novel or particularly difficult question of fact or law. Rather, the claim was more akin to any claim seeking damages stemming from the violation of a court order. The fact that this adversary proceeding included a malpractice component – the IRC §1398 claim – is insufficient for me to conclude it was sufficiently complex to require a rate higher than those prevailing in this District. Notwithstanding the fact the claim appeared straight-forward, I credit the experience and reputation of Attorneys Ansari and Baratta and how they may be able to command a higher customary hourly rate for litigation within New York. Nonetheless, I conclude $500 per hour is a reasonable rate for a case of this complexity and nature in this District.

### *Calculating a Reasonable Amount of Hours*

Mr. Jackson's counsel expended 525.70 hours in prosecuting this case. Mr. Jackson asserted sixty (60%) percent of the time, or 315.4 hours, should be awarded as reasonable. GSO objected that the percentage is arbitrary and does not align with the focus of the litigation. Mr. Jackson's counsel noted they originally considered the case as having two claims: the "tax claim" (aka the IRC § 1398 Claim) and the "taking money claim" (aka the $90,000 Monthly Claim). His counsel believed it was fair to attribute sixty (60%) percent of their time to the "taking money" claim. I agree sixty (60%) percent appears reasonable. I am unpersuaded awarding the entire sixty (60%) percent is arbitrary or unfairly compensates for time incurred on the unsuccessful $90,000 Monthly Fee Claim, a claim involving similar circumstances as the Bankruptcy Related Fee Claim. Both claims involved a common set of facts and related to the interpretation of the Retention Order. And, the work done regarding the $90,000 Monthly Fee Claim, including time incurred for discovery and depositions, ultimately aided in the assertion of the Bankruptcy Related Fee Claim. I decline to establish a different percentage or apply any downward adjustment to the number of hours expended on that basis.

However, I conclude a fifteen (15%) percent across-the-board reduction is warranted due to vague and excessive billing entries. The court's independent assessment of the billing records revealed a number of vague entries lacking in sufficient description for the court to determine their reasonableness. In particular, several time entries starting in July of 2021, simply state "Trial preparation" providing no insight as to Attorney Ansari's actual tasks. Additionally, a reduction is warranted based upon the instances of duplicative billing by Attorneys Ansari and Baratta. The following is a non-

exhaustive list of examples of what I view as duplicative billing of tasks not necessitating two attorneys.

- 2/12/2018 – "Office discussion re: hearing continued pursuant to the order granting the motion to amend scheduling order re: complaint filed by Client."  Attorney Ansari and Attorney Baratta each billed 0.5 hours for a total of 1 hour to discuss a hearing being continued.  AP-ECF No. 389-1, p. 6.

- 3/9/2018 – "Preparation for and attendance at continued Pre-Trial Conference" – Attorney Ansari and Attorney Baratta each billed 5 hours for a total of 10 hours.  No Pre-Trial Conference was held on March 9, 2018, a Pre-Trial Conference had been scheduled for March 14, 2018, but was continued on March 21, 2018, by Order dated March 9, 2018.  AP-ECF No. 389-1, p. 6.

- 11/27/2019 – "Review of scheduling order regarding the unsuccessful mediation and that a schedule is required for resolution of the complaint …" The remaining portion of the time entry recites the deadlines in the scheduling order but does not provide any insight as to what tasks counsel engaged in beyond review.  Attorney Ansari and Attorney Baratta each billed 1.3 hours for a total of 2.6 hours to review a Scheduling Order.  AP-ECF No. 389-1, p. 8-9.

- 7/25/2021 – "Review of scheduling order re: trial dates."  Attorney Ansari and Attorney Baratta each billed 0.5 hours for a total of 1 hour.  AP-ECF No. 389-1, p. 12.  The Scheduling Order discussed in this entry is found at AP-ECF No. 291 and listed continued trial dates after having been provided those dates by counsel.

In light of these excessive and vague entries a fifteen (15%) percent reduction is warranted to reach a reasonable number of hours for this case.  After applying the reduction, I conclude 268.1 hours is reasonable for the Bankruptcy Related Fee Claim.

### The Award of Attorney's Fees and Costs

Having determined the reasonable hourly rate ($500) and the reasonable number of hours (268.1), I conclude Mr. Jackson is entitled to an award of attorney's fees of $134,053.50.  Since Mr. Jackson removed costs associated with the IRC § 1398 claim and because GSO failed to raise any specific objection to the costs now sought, I conclude the costs of $4,148.47 are reasonable.

A separate, supplemental judgment respecting only the award of attorney's fees and costs will enter.

Accordingly, it is hereby

ORDERED: Curtis James Jackson, III, is awarded attorney's fees and costs totaling One Hundred and Thirty-Eight Thousand, Two Hundred and One ($138,201.97) Dollars and 97/100 Cents as a part of the Judgment entered in favor of Curtis James Jackson, III, and against GSO Business Management, LLC related to the Bankruptcy Related Fee Claim; and it is further

ORDERED: GSO Business Management, LLC shall pay the awarded attorney's fees and costs to Curtis James Jackson, III, on or before April 15, 2023.

Dated this 23rd day of February, 2023, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut